Clerk's Office
Filed Date: 9/30/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

JOHAN ANTNEY,

              Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CR-229 (CBA)

**AMON, United States District Judge:**

Defendant Johan Antney ("Antney") has filed a pro se petition for habeas corpus under 28 U.S.C. § 2255; a pro se motion requesting appointment of counsel to argue the same; a pro se motion for release pending the decision of his habeas corpus petition; and a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the motions are DENIED.

## BACKGROUND

On April 27, 2017, a grand jury returned an indictment charging Antney with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Two), and unlawful use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). The charge for Count Three stated that it was "in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Two." (D.E. # 1 at 2.) On February 14, 2018, Antney pleaded guilty to Count Three of the indictment. At his plea colloquy, he admitted to driving a coconspirator to rob a victim, knowing that the coconspirator would use a gun, (D.E. # 149-1 at 30:23-31:7), as well as to committing the crimes of Hobbs Act conspiracy and Hobbs Act robbery, (id. at 22:6-12). At sentencing on July 24, 2019, the Honorable Roslynn R. Mauskopf, United States District Judge,

calculated a guidelines range of 125-135 months' imprisonment and sentenced Antney principally to 130 months of imprisonment. On February 10, 2020, Antney filed a petition for habeas corpus pursuant to 18 U.S.C. § 2255. After the government filed its opposition on March 25, 2020, Antney filed his reply on June 15, 2020, which included new requests for an evidentiary hearing and for court-appointed counsel. On November 5, 2020, Antney filed a pro se motion requesting appointment of counsel under 18 U.S.C. § 3006A in connection with his habeas petition. On November 9, 2020, Antney filed a pro se motion for release pending decision on his habeas petition. On March 3, 2021, Antney filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 14, 2021, this case was transferred to me.

## STANDARD OF REVIEW

A federal court may appoint representation to "any financially eligible person" seeking relief under § 2255 if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Federal prisoners may seek post-conviction relief for sentences "imposed in violation of" federal law, entered by courts "without jurisdiction," issued "in excess of the maximum authorized by law," or "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court also "shall vacate and set the judgment aside" if, among other things, the Court finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

Under the First Step Act, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (holding that a district court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release");

United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020) ("The First Step Act was drafted using the word 'may,' not 'must.' In the end, whether to reduce a sentence is a matter that rests in the discretion of the court"). The provision of the First Step Act relevant here provides that:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction

18 U.S.C. § 3582(c)(1)(A)(i). In general, the defendant bears the burden of demonstrating his eligibility for compassionate release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

## DISCUSSION

### I. Appointment of Counsel

"[A] habeas petitioner has no constitutional right to counsel in his habeas proceeding." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)). The Second Circuit laid out the standards for determining whether to appoint counsel to an indigent civil litigant in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986):

> In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62; see also United States v. Sadler, Nos. 18-cv-5923 (AMD), 16-cr-0297-8 (AMD), 2021 WL 2037863, at *1 n.3 (E.D.N.Y. May 21, 2021) (evaluating Hodge factors in analyzing 18 U.S.C. § 3006A(a)(2)). "[W]hen a petitioner's claims 'may be fairly determined on written submissions, appointment of counsel normally is not warranted.'" Shand v. United States, No. 14-cv-1743 (DLI), 2018 WL 1598608, at *4 (E.D.N.Y. Mar. 30, 2018) (quoting Lawson v. Taylor, No. 10-cv-

0477 (JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011)). "[C]ourts should not grant such applications indiscriminately" as "[v]olunteer lawyer time is a precious commodity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Here, as discussed below, see infra Part II, Antney's habeas claim may be fairly determined on written submissions. Moreover, Antney's arguments are legal, not factual. Finally, Antney's pro se briefing was detailed and well-argued. As such, and given the Second Circuit's admonition in Cooper, I find that the interests of justice do not warrant appointment of counsel.[1]

## II. Habeas Corpus

Antney argues that his conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) should be vacated because he did not commit a crime of violence. Section 924(c) "prescribes enhanced punishment for any person who brandished a firearm 'during and in relation to any crime of violence.'" United States v. McCoy, 995 F.3d 32, 52 (2d Cir. 2021). The "crime[s] of violence" upon which Antney's conviction under § 924(c) were predicated were Hobbs Act conspiracy and Hobbs Act robbery. (See D.E. # 153 at 22.) Antney argues that, after the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), Hobbs Act offenses can no longer qualify as crimes of violence under § 924(c)'s unconstitutionally vague residual clause. He also argues that they do not qualify as crimes of violence under the categorical approach.[2]

---

[1] Antney also requests an evidentiary hearing. An evidentiary hearing is justified "[i]f material facts are in dispute." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009); see also Espinal v. United States, No. 08-cr-242 (ARR), 2020 WL 264918, at *6 (E.D.N.Y. Jan. 17, 2020) (denying a hearing where petition could be denied on purely legal grounds). As detailed in Part II, infra, Antney's entire petition is based on a legal argument. As such, an evidentiary hearing is unwarranted.

[2] "[T]he categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense . . . , and then to consider whether such conduct amounts to a crime of violence." United States v. Hill, 890 F.3d 51, 56 (2d Cir. 2018).

After Antney filed his motions on the matter, the Second Circuit weighed in on the post-Davis status of Hobbs Act charges as crimes of violence. In United States v. McCoy, the defendants challenged their brandishing convictions under § 924(c) on the grounds that the predicate offenses of Hobbs Act robbery, Hobbs Act conspiracy, and Hobbs Act attempted robbery were not crimes of violence. 995 F.3d at 53. The Second Circuit agreed with defendants that Hobbs Act conspiracy is not a crime of violence, pointing to its decision in United States v. Barrett, 937 F.3d 126 (2d Cir. 2019). See McCoy, 995 F.3d at 53. But the court also held that Hobbs Act robbery is a crime of violence, pointing to its holding in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), and stating that "'Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A),' and thus is a crime of violence within the meaning of that provision." McCoy, 995 F.3d at 54 (quoting Hill, 890 F.3d at 60). Contrary to Antney's position, the McCoy court specifically ruled that Hill's holding analyzing § 924(c)(3)(A) "was not eroded by the Supreme Court's subsequent ruling in Davis," which dealt with § 924(c)(3)(B).[3] Id. As such, although Antney is correct that Hobbs Act conspiracy could not serve as a predicate to his brandishing charge, Hobbs Act robbery could.

"[W]here a §924(c) conviction rests on multiple predicates, one of which has been invalidated, the conviction may stand only if the record factually establishes that the defendant

---

[3] Antney argues that because Hobbs Act robbery can be committed by causing fear of injury to property, it can be accomplished without violent physical force. (D.E. # 146 at 5-6 ("For example, a vintage car can be injured by a mere scratch, and a collection stamp can be injured by tearing it gently.").) He relies on a Tenth Circuit case, United States v. Bowen, 936 F.3d 1091 (10th Cir. 2019), for this proposition. Bowen, however, expressly disagreed with the Second Circuit's interpretation of § 924(c)(3) in Hill. See Bowen, 936 F.3d at 1105 (rejecting the dissent's "[a]dopti[on of] the reasoning in cases from the Second Circuit" as "unpersuasive"). I am bound by Second Circuit precedent, not the precedent of other circuits, and so I must reject Antney's Tenth Circuit–based analysis. See Am. Fam. Life Assurance Co. of N.Y. v. Baker, 17-cv-7054 (LDH) (RLM), 2020 WL 1536317, at *2 n.2 (E.D.N.Y. Mar. 31, 2020) ("As the Court is bound by the Second Circuit's holding . . . , the Court declines to consider Respondents' out-of-circuit authority on this point.").

committed another predicate offense." United States v. White, Nos. 16-cr-82 (VEC), 19-cv-9086 (VEC), 20-cv-8029 (VEC), 20-cv-8046 (VEC), 20-cv-8141 (VEC), 2020 WL 5898680, at *4 (S.D.N.Y. Oct. 5, 2020); see also United States v. Walker, 789 F. App'x 241, 244-45 (2d Cir. 2019) (summary order) (holding that where defendant pleaded guilty to § 924(c) with "convictions for both conspiracy and substantive Hobbs Act robbery as the predicate crimes of violence" that the conviction is still valid after Davis because of Hill's holding as to substantive Hobbs Act robbery). In Antney's plea colloquy, he admitted that he knew a gun would be used during the robbery and drove another member of the conspiracy to the robbery. (D.E. # 149-1 at 30:23-31:7.) This allocution was sufficient to factually establish the elements of Hobbs Act robbery under an aiding-and-abetting theory of liability, which is a crime of violence under Hill and McCoy. See McCoy, 995 F.3d at 58 ("The crime charged in a prosecution for aiding and abetting a Hobbs Act robbery is . . . Hobbs Act robbery. If the underlying offense is a crime of violence, it is a predicate for § 924(c) liability; if the defendant aided and abetted that underlying offense, he is guilty of the underlying offense." (internal citations omitted)). Accordingly, he committed a crime of violence sufficient to serve as a predicate for his § 924(c) conviction, and his conviction stands even though Hobbs Act conspiracy is not a crime of violence. See White 2020 WL 5898680, at *5 (finding an adequate basis for a Hobbs Act robbery predicate where defendant allocuted that he knew a gun would be used at a robbery and drove the getaway car).

Antney makes two arguments for the first time in reply. First, he argues that the indictment was insufficient because it mentioned both "the crimes charged in Counts One and Two" as "crimes of violence." (D.E. # 1 at 2.) Antney argues that the indictment's failure to "expressly set forth what crime of violence predicate was the basis for his § 924(c) count" invalidates the indictment as insufficiently specific. (D.E. # 152 at 2.) Second, Antney argues that his guilty plea

was unintelligent and involuntary because he did not understand that his Hobbs Act offenses did not satisfy the crime-of-violence element of his brandishing charge. "These claims are not properly before the court because they were not included in the petition," as "[a] habeas petitioner may not raise a federal claim for the first time on reply." Morrison v. Brown, 11-cv-3366 (KAM), 2019 WL 267190, at *16 (E.D.N.Y. 2019) (quoting Silvestre v. Capra, 15-cv-9425 (KPF)(DCF), 2018 WL 3611988, at *31 n.27 (S.D.N.Y. July 27, 2018)).

In any case, Antney's arguments fail on the merits. As to his argument that the indictment was insufficient, it is precluded by his guilty plea. "[A] defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." United States v. Rubin, 743 F.3d 31, 35 (2d Cir. 2014) (emphasis omitted) (quoting United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003)) (finding that defendant's guilty plea precluded his argument that count one of his indictment did not state an offense). Accordingly, Antney waived this argument by pleading guilty while expressly waiving his right to appeal a guidelines sentence. (D.E. # 149-1 at 28:15-21.) Moreover, the case Antney cites for this argument, Russell v. United States, 369 U.S. 749 (1962), focuses on the necessary specificity of an indictment. An indictment must "sufficiently apprise the defendant 'of what he must be prepared to meet.'" Id. at 764 (quoting Cochran v. United States, 157 U.S. 286, 290 (1895)). In other words, an insufficient indictment gives too little information for the defendant to present her defense. A § 924(c) indictment that lists multiple potential predicate crimes of violence, on the other hand, gives the defendant more than enough information about the case "he must be prepared to meet." Antney's argument that

his guilty plea was involuntary fails as well, because it relies on Antney's incorrect claim that the Hobbs Act offenses could not be predicates to a brandishing charge.[4]

Accordingly, the motion for a writ of habeas corpus is denied.[5]

### III.  Compassionate Release

Antney argues that he should receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The government does not dispute that Antney has exhausted his administrative remedies, as is required to bring such a motion in court. See 18 U.S.C. § 3582(c)(1)(A).

To obtain a sentence reduction, Antney must establish that "extraordinary and compelling reasons" warrant such relief. Id. Antney first contends that his sentencing guidelines were miscalculated, and that this is an extraordinary and compelling reason warranting a sentence reduction. At sentencing, Judge Mauskopf calculated a guidelines range of 125-135 months' imprisonment. Antney was sentenced to 130 months. Antney contends, however, that a calculation error infected the court's analysis. Specifically, he complains that his "guideline range was calculated by combining the 84 months for the § 924(c) count with the guideline range that would have been applicable had Antney pled to the Hobbs Act conspiracy and robbery offenses." (D.E. # 157 at 4.) But because he pled only to the § 924(c) count, Antney contends that it was improper to consider those other offenses in determining his guidelines range. Second, Antney

---

[4] Antney also argues that, even if Hobbs Act robbery is a crime of violence, he would not have pleaded guilty had he known that Hobbs Act conspiracy was not a crime of violence. This claim is specious.

> [A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is "sufficient to undermine confidence in the outcome" of the proceeding.

United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). I am unconvinced that there is a reasonable probability Antney would have changed his plea after learning that only one theory, rather than two theories, supported his guilt.

[5] Because the habeas corpus petition is denied, Antney's motion for release pending decision on his habeas corpus decision is also denied as moot.

contends that his "post-conviction conduct" is an extraordinary and compelling reason warranting a sentence reduction. Specifically, Antney contends that "he has tirelessly strived to make better choices and improve his behavior," is "very remorseful for his actions," and "truly desires to be a responsible man . . . ." (Id. at 5.)

Antney's first argument is essentially that his sentence was unfair because it was based on a faulty guidelines calculation. He could have made this argument at sentencing,[6] on direct appeal, or in a habeas petition. A motion for compassionate release should not be used to attack the legitimacy of a judge's imposed sentence—such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). See United States v. Binday, 12-cr-152 (CM), 2020 WL 4017822, at *6 n.6 (S.D.N.Y. July 16, 2020); see also United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion, and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." (internal citation omitted)); United States v. Arojojoye, 806 F. App'x 475 (7th Cir. 2020) ("Arojojoye's 'compassionate release' motion expressly sought modification . . . [through a] challenge to the length of the prison sentence . . . [and so] 'should be treated as a section 2255 motion.'" (quoting United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007))). To hold otherwise would be to allow compassionate release motions to act as an end run around the limitations imposed by § 2255.

Even if I were to consider Antney's sentencing argument on its merits, that argument is meritless. Section 924(c)(1)(A) mandates that the seven-year minimum for a brandishing

---

[6] This is not a case where the imprisoned person asks for compassionate release based on new law that eliminated the rationale for an overly harsh sentence. See, e.g., United States v. Reid, No. 05-cr-596(1) (ARR), 2021 WL 837321, at *5 (E.D.N.Y. Mar. 5, 2021). Unlike in such a case, Antney cites to no change of law, and he does not explain why his sentencing would have been any different had it occurred today rather than in 2019.

conviction be imposed "in addition to the punishment provided for [the predicate] crime of violence." Considering the offense-level for robbery under U.S. Sentencing Guideline § 2B3.1, Antney's criminal history, and a reduction for his guilty plea, the appropriate guidelines range for Antney's Hobbs Act violations was 41 to 51 months imprisonment. Judge Mauskopf's guidelines calculation appropriately consisted of the 84-month mandatory minimum for Antney's § 924(c) conviction "in addition to" the 41 to 51 months for his Hobbs Act offenses, adding up to a 125 to 135 month guidelines range. Antney complains that the 41 to 51 months were improperly added because he was not convicted of Hobbs Act robbery, but U.S. Sentencing Guideline § 1B1.2(c) makes clear that "[a] plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." Accordingly, because Antney stipulated to facts establishing Hobbs Act robbery, see supra Part II, and because § 924(c) requires that a mandatory seven-year minimum be in addition to the punishment for the predicate crime, Judge Mauskopf's guidelines calculation was correct and Antney's complaint is unfounded.[7]

Antney's post-conviction conduct alone also cannot form the basis of his motion for compassionate release. Antney appears to have participated in numerous courses while incarcerated, and this is commendable. But Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" warranting a sentence reduction. 28 U.S.C. § 994(t); see Brooker, 976 F.3d at 237-38. Courts accordingly do

---

[7] This is especially true given that "the parties stipulated that the effective total Guidelines range . . . would include a term of imprisonment of 125-135 months." (D.E. # 103 at 3; D.E. # 153 at 15:9-16, 21:9-12; D.E. # 157 at 4.) Moreover, when Antney entered his guilty plea, the Court noted that Antney "admitted in [his] agreement that [he] committed the crimes of Hobbs Act conspiracy and Hobbs Act robbery," and Antney affirmed his understanding that he "can't challenge that as part of the guideline calculation here." (D.E. # 153 at 22.)

not grant early release based solely[8] upon rehabilitative efforts. See, e.g., United States v. Poncedeleon, No. 18-cr-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020); United States v. Sanchez, No. 08-cr-789-1 (RJS), 2020 WL 2571074, at *2 (S.D.N.Y. May 21, 2020).[9]

Finally, even if Antney had identified extraordinary and compelling reasons for a sentence reduction, § 3553(a) counsels against such a reduction here. Under § 3582(c)(1)(A), an imprisoned person's reasons for release must be weighed against the relevant § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); United States v. Elliott, No. 17-cr-128 (ARR), 2020 WL 4381810, at *5 (E.D.N.Y. July 31, 2020). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Those factors militate against granting a sentence reduction in this case. Antney was convicted of a serious crime: unlawful use of a firearm in furtherance of a crime of violence. The sentence he received was in the middle of the guidelines range, yet Antney has not yet served half of that sentence. To reduce his sentence now would fail to "reflect the seriousness of the offense," "provide just punishment," or "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). A sentence reduction would also undermine the need to "promote respect for

---

[8] Although rehabilitative efforts might be considered in combination with other circumstances, the only other circumstance identified by Antney—the purportedly improper guidelines calculation—is not proper grounds for compassionate release.
[9] Antney cites Pepper v. United States, 562 U.S. 476 (2011), for the proposition that a court may "consider a defendant's post-conviction rehabilitation when a resentencing has been authorized." (D.E. # 157 at 5.) While that may be true at resentencing, the question on a motion for sentence reduction is whether the defendant has established "extraordinary and compelling reasons." Rehabilitation alone is not such a reason, as explained above.

the law." Id. Any circumstances raised by Antney are thus outweighed by the § 3553(a) factors, which militate against a sentence reduction.

## CONCLUSION

For the reasons stated above, Antney's motions for appointment of counsel, for release pending a decision on his habeas motion, and for habeas corpus pursuant to 28 U.S.C. § 2255 are DENIED. Because Antney has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. Antney's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is likewise DENIED.

SO ORDERED.

Dated: September 30, 2021
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge